*436 Opinion op the Court, bv
Judge Mills.
THIS is an action of debt, brought by the Bank of Kentucky against Crutcher, as an endorser upon a negotiable note made by Thomas Q. and H. H. Roberts to said Crutcher, and by Crutcher endorsed to James Percefal, and by Percefal to the bank; but each of these ■ endorsements was made by James T, Pendleton, cash,- *437 ier of the branch bank where the note was discounted, as agent for the said'endorsers. The defendant below, no w plaintiff in error, by plea supported by 051th, denied making the endorsement. On *the trial, it peared that a note was made by the. s^id Thomas Q. and H. II. Roberts, payable to,said James Percefal, and that he then endorsed it to Crutcher, and Crutcher to the bank, who discounted it at the instance of, and for the accommodation of said Thomas Q. and H. H. Roberts; that while said note was in bank, and had not arrived at maturity, the said endorsers executed to the said Pendleton the following.letter of attorney, to wit:
A note other-w® the letter of attorney, & not theprinoifa].-
' “ Know all men by these presents, that we, James Percefal and James Crutcher, of Elizabethtown, Hardin county, Kentucky, haih this day appointed James T. Pendleton, cashier of the Bardstown branch bank, and John M’Meekin, jun. clerk of said bank, our attor-nays, for the special purpose of signing our names as e«-dorsersfor Thomas Q. and Henry H. Roberts, on a note for Jive thousand dollars, payable at the Bardstown branch bank, and which note we íiave heretofore been endorsers on; they, the said James T. Pendleton and John M’Meekin, jun. or either of them, to sign our names on the said notes when re-until otherwise instructed us.”
At the time of giving this power, there was only this one note in bank, and when it became due, another note was presented to renew it, drawn by the same makers, payable to Crutcher, which Pendleton, the agent, endorsed for him to Percefal, and then endorsed for Percefal to the bank, and this is the note sued on, it having bedn protested when due, and notice thereof given to Crutcher.
The counsel for the defendant moved the court to instruct the jury, that if, from the evidence, they believed that, at the time when the letter of attorney was executed, the note in bank which was intended to be renewed, and for the renewal of which the power was executed, was drawn by Thomas Q. and H. H. Roberts payable to James Percefal, and by Percefal endorsed to Crutcher, and by Crutcher endorsed to the bank, in that case said power only authorised said attorneys to renew said note in the same manner and in the same order of endorsement, and that-a note afterwards drawn by the same.makers, payable to Crutcher, and so accepted by the agent, James T. Pendleton, and by said *438 Pendleton, agent as aforesaid, endorsed to Percefal, was not suc^ a renewal as came within the limits and extent of his power, and that such an act, as relates to Crutcher, was void.
2 Litt. Rep. ;74. ’
The court overruled this motion, and at the instance of the plaintiffs, instructed the jury directly to the contrary. The jury found for the plaintiffs below, and to reverse the judgment this writ of error is prosecuted, presenting the propriety of this decision as the principal question.
We cannot conceive that any other construction can .be placed on this letter of attorney, than that it did not authorise the making of a new note, or the doing of any other act than renewing the old one, and. that the agents could not, under it, subject the principals to any greater liability than they had previously incurred. If the responsibility laid upon Crutcher by this endorse- ■ ment, was less, or no greater than what it formerly was made by his own act on the original note, we might not deem it of any importance whether the agent had or had not changed his position aá endorser. The question, then, must essentially rest upon this inquiry, whether the altitude of Crutcher on the new note was rendered more perilous than he himself had made it. We conceive it was, and that this change of attitude ‘ was what the agent, by the terms of the power, was not authorised to make. It is true, it appeared in proof that both Crutcher and Percefal were endorsers merely for the accommodation of the Messrs. Roberts, and that no consideration passed between them. If such accommodation endorsers stood as mere co-sureties, and one would be entitled to contribution against the other, in case of the insolvency of the principal, then the instruction might be supported, fiut this question has been investigated and decided, at the present term, in case °f Reed vs. Hixon, and it is there held that endorsers on a commercial instrument, for the accommodation of the drawer, after they have paid and taken up the bill, have the same recourse as those who endorse, in a fair course of trade. It therefore follows, that Crutcher, in his original attitude^ could have recovered the whole amount of this debt against Percefal, if he had paid it, and that by the change made by his agent, his case is reversed, and he could not recpver against *439 "'Pereefal; bui: .would be subject to pay the amount*to Percefdl, in case he had paid the not^. And although this was done by his agent, it was-incumbent on the plaintiffs below to see that the authority was pursued, and that the agent acted within it. We, therefore, conceive that the court below erred in refusing to give the instruction asked by the plaintiff in error, and that it ought to have been given to the extent required.
The judgmefit must, therefore, be reversed with costs, and the verdict set* aside, and the cause remanded for new proceedings not inconsistent with this opinion.